**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Bernandino FRIAS, Defendant–Appellant.**

**No. 04–41169.**
**Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Decided June 22, 2005.

James Lee Turner, Renata Ann Gowie, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, Philip G. Gallagher, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

---

**764**

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

PER CURIAM: *

Bernandino Frias appeals his guilty-plea sentence for illegal reentry after deportation in violation of 8 U.S.C. § 1326(a) and (b). He argues that the "felony" and "aggravated felony" provisions of 8 U.S.C. § 1326(b)(1) and (2) are unconstitutional in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). Frias also argues that, in light of *United States v. Booker*, — U.S. —, 125 S.Ct. 738, 160 L.Ed.2d 621 (2005), the district court plainly erred in sentencing him under a mandatory guidelines system.

Frias acknowledges that his first argument is foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but he wishes to preserve the issue for Supreme Court review in light of *Apprendi*. *Apprendi* did not overrule *Almendarez–Torres*. *See Apprendi*, 530 U.S. at 489–90, 120 S.Ct. 2348; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, we must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

We review Frias's second argument, challenging the imposition of his sentence under a mandatory sentencing guidelines scheme, for plain error. *See United States v. Valenzuela–Quevedo*, 407 F.3d 728, 732 (5th Cir.2005); *see also United States v. Malveaux*, 411 F.3d 558 n. 9 (5th Cir.2005).

After *Booker*, it is clear that application of the federal sentencing guidelines in their mandatory form constitutes error that is plain. *Valenzuela–Quevedo*, 407 F.3d at 733. Frias has not shown, however, that the plain error affected his substantial rights. *See id.* at 733–34. Accordingly, Frias's sentence is AFFIRMED.

Before WIENER, BENAVIDES, and DENNIS, Circuit Judges.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.